IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00172-F-18

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HARRY MYLES, SR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following pre-trial motions filed by Defendant Harry Myles, Sr. ("Defendant"): (1) Motion for Early Disclosure of Jencks Material [DE-307]; (2) Motion to Sequester Government Witnesses [DE-308]; (3) Motion for Early Disclosure of *Brady/Giglio* Material [DE-309]; (4) Motion for Disclosure of Government Summary Exhibits [DE-310]; and (5) Request for Notice of Intent to Use Rule 404(b) Evidence [DE-311]. The Government filed a response in opposition to Defendant's motions. [DE-332]. Accordingly, the motions are ripe for ruling. For the reasons that follow, Defendant's Motion for Early Disclosure of Jencks Material [DE-307] is denied, Defendant's Motion to Sequester Government Witnesses [DE-308] is allowed, Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE-309] is allowed in part and denied in part, Defendant's Motion for Disclosure of Government Summary Exhibits [DE-310] is allowed, and Defendant's Request for Notice of Intent to Use Rule 404(b) Evidence [DE-311] is allowed in part and denied in part.

## I. STATEMENT OF THE CASE

On May 27, 2015, Defendant was charged in a multi-defendant 39-count indictment with one count of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h); seven counts

of concealment of money laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and two counts of money laundering and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1957. [DE-1]. Defendant's arraignment is scheduled for the January 25, 2016 term of court. [DE-290].

## II. DISCUSSION

### A. Motion for Early Disclosure of Jencks Materials [DE-307]

Defendant seeks a court order requiring the Government to release all material under the Jencks Act, 18 U.S.C. § 3500, no later than thirty (30) days before the start of trial. [DE-307]. Defendant acknowledges the Fourth Circuit's holding in *United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994) that the Government is not required to produce Jencks Act material relating to a witness until after that witness has testified, but argues that early disclosure of Jencks materials "will not prejudice the government and will, on the other hand, further the ends of justice and protect [D]efendant's right to effective assistance of counsel." Def.'s Mot. [DE-307] at 1. In response, the Government argues that Defendant's motion should be denied, as the Government believes it has already provided all the Jencks Act material in its possession to the Defendant. Gov't's Resp. [DE-332] at 9-10. Further, the Government agrees to provide witness statements to Defendant by the Thursday prior to the commencement of the Government's case-in-chief, in order to give Defendant a reasonable opportunity to review the material. *Id.* at 10. The court may not require the early production of Jencks Act material. *Lewis*, 35 F.3d at 151. Accordingly, Defendant's motion for early disclosure of Jencks Act material is denied.

### B. Motion to Sequester Government Witnesses [DE-308]

Defendant seeks a court order sequestering all Government witnesses during the trial. [DE-

2

308]. The Government responds that Defendant's motion should be denied in part, and requests permission to designate two (2) case agents for trial, based on the substantial amount of evidence in this case. Gov't's Resp. [DE-332] at 7.

Rule 615 of the Federal Rules of Evidence provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation). Accordingly, Defendant's motion to sequester is allowed with the exception of one case agent designated by the Government.

**C.     Motion for Early Disclosure of *Brady/Giglio* Material [DE-309]**

Defendant moves for an order requiring the Government to immediately, or not less than

3

thirty (30) days before trial, disclose all *Brady/Giglio* material in its possession pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995). [DE-309]. In response, the Government states that it has provided all discoverable material to Defendant except for *Giglio* material of potential Government witnesses and "[t]he record of discovery production in this case reflects that the Government is aware of its on-going duty to disclose discoverable material pursuant to *Brady* and *Giglio* and an order of the Court is not required to ensure that the Government complies with its obligation." Gov't's Resp. [DE-332] at 8-9.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, "the government is required to disclose evidence that is both favorable to an accused and material to either guilt or punishment." *United States v. Newby*, 251 F.R.D. 188, 190 (E.D.N.C. 2008) (internal quotations and citations omitted). This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio*, 405 U.S. at 154, encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses and the criminal records of witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985) (citation omitted).

Defendant's request for *Brady/Giglio* material is allowed in part and denied in part. To the extent the Government either possesses or discovers *Brady/Giglio* material that has not already been

4

produced, it must produce such material to Defendant no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2, 2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (unpublished) (ordering disclosure of *Brady* and *Giglio* evidence seven days prior to trial).

### D. Motion for Disclosure of Government Summary Exhibits [DE-310]

Defendant seeks an order directing the Government to produce at least ten (10) days prior to trial any summary exhibit it intends to use at trial. [DE-310]. Defendant makes this request for two reasons: (1) to allow for time to review the summary exhibit and check its accuracy against the underlying evidence, and (2) to review the summaries and determine if there is a need to obtain an expert or lay witness to explain or rebut the Government's summary, or to create a competing summary that better explains the underlying evidence. *Id.* at 2. The Government does not object to Defendant's request for disclosure of summary charts or exhibits, but does ask "to limit the Court's order to only summary charts or exhibits and not to use the broad term 'summary.'" Gov't's Resp. [DE-332] at 10. Further, the Government requests that summary charts and exhibits be ordered to be provided no less than seven (7) days prior to the start of trial. *Id.* at 11.

Federal Rule of Evidence 1006 allows for the admission of charts or summaries, providing that:

> [t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

"The purpose of Rule 1006 is to reduce the volume of written documents that are introduced into evidence and to allow accurate derivatives from the voluminous documents." *United States v. Saunders*, No. 4:14-CR-8-F-1, 2015 WL 4507420, at *8 (E.D.N.C. July 23, 2015) (unpublished)

5

(determining that disclosure of summary exhibits ten (10) days prior to trial constituted a reasonable time under Rule 1006) (citing *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004)).

Accordingly, Defendant's motion for disclosure of Government summary exhibits is allowed. The Government shall disclose any summary charts and exhibits in compliance with Rule 1006 of the Federal Rules of Evidence no later than ten (10) days prior to trial. The court declines to limit the order to summary charts and exhibits, as the language of Federal Rule of Evidence 1006 applies to a "summary" as well.

### E.     Request for Notice of Intent to Use Rule 404(b) Evidence [DE-311]

Defendant requests that the Government disclose the substance of any evidence it intends to introduce against Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence. [DE-311]. In response, the Government asserts that it is aware of its duty to provide reasonable notice of its intent to offer Rule 404(b) evidence during the trial and will abide by the requirements of Rule 404(b) to provide such notice. Gov't's Resp. [DE-332] at 8.

In a criminal case, Rule 404(b) requires that upon request by the accused, the prosecution must "provide reasonable notice of the general nature of any [Rule 404(b)] evidence" it intends to introduce at trial and "do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). "The rule does not, however, entitle the defendant to the discovery of the 404(b) evidence itself." *United States v. Ross-Varner*, No. 5:14-CR-00206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (unpublished) (citing *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (noting that Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence")).

To the extent Defendant requests notice of the general nature of any Rule 404(b) evidence

6

the Government intends to introduce at trial, Defendant's request is allowed and this notice shall be provided at least one week (seven days) prior to trial. *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) (unpublished) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *Graham*, 468 F. Supp. 2d at 802; *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished)). To the extent Defendant seeks the specific evidence on which the Government will rely, he is not entitled to discovery of the evidence itself, but only to "notice of the general nature of any such evidence" under the rule. Fed. R. Evid. 404(b)(2)(A); *Graham*, 468 F. Supp. 2d at 802. Accordingly, Defendant's request for notice of intent to use Rule 404(b) evidence is allowed in part and denied in part.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Early Disclosure of Jencks Material [DE-307] is DENIED, Defendant's Motion to Sequester Government Witnesses [DE-308] is ALLOWED, Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE-309] is ALLOWED IN PART and DENIED IN PART, Defendant's Motion for Disclosure of Government Summary Exhibits [DE-310] is ALLOWED, and Defendant's Request for Notice of Intent to Use Rule 404(b) Evidence [DE-311] is ALLOWED IN PART AND DENIED IN PART.

SO ORDERED, this the 22 day of December 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

7

Case 5:15-cr-00172-BO   Document 340   Filed 12/22/15   Page 7 of 7